## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TAHER TAHER,                             Case No. 1:12-cv-400
    Petitioner,

                                       Bertelsman, J.
vs                                       Litkovitz, M.J.


WARDEN, WARREN                           **REPORT AND**
CORRECTIONAL INSTITUTION,                **RECOMMENDATION**
    Respondent.

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon,

Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc.

1).  This matter is before the Court on respondent's motion to dismiss the petition on the grounds

that the petition is time-barred and "all grounds for relief are procedurally defaulted."  (Doc. 5).

Petitioner opposes respondent's motion.  (Doc. 8).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

In August 2004, the Hamilton County, Ohio, grand jury returned a nine-count indictment

charging petitioner with four counts of aggravated robbery in violation of Ohio Rev. Code §

2911.01(A)(1) with firearm specifications; four counts of robbery in violation of Ohio Rev. Code

§ 2911.02(A)(2) with firearm specifications; and one count of receiving stolen property in

violation of Ohio Rev. Code § 2913.51(A).  (Doc. 5, Ex. 1).  It appears from the record that the

charges stemmed from "three different acts of robbery involving four pedestrians . . . at three different locations" on the morning of August 12, 2004. (*See id.*, Ex. 17, p. 4).

On April 19, 2005, petitioner entered a guilty plea to the four aggravated robbery charges (Counts 1, 3, 5, 7) and attached firearm specifications, as well as the count charging him with receiving stolen property (Count 9). The remaining robbery charges (Counts 2, 4, 6, 8) were dismissed. (*See id.*, Ex. 3).

On May 10, 2005, the trial court issued a Judgment Entry sentencing petitioner to a term of imprisonment totaling thirteen (13) years. (*Id.*, Ex. 4). Specifically, the court sentenced petitioner to concurrent three-year prison terms for the aggravated robbery offenses, to be served consecutively to a twelve-month prison term for the receipt of stolen property offense. (*See id.*). In addition, the court sentenced petitioner to three consecutive three-year prison terms for the merged firearm specifications attached to three of the aggravated robbery charges.[1] Those sentences, totaling nine years, were to be served consecutively to the concurrent sentences imposed for the underlying aggravated robbery offenses. (*Id.*).

## Direct Appeal: Appeal No. C050401

Petitioner's trial counsel filed a timely notice of appeal on petitioner's behalf to the Ohio Court of Appeals, First Appellate District. (Doc. 5, Ex. 5). The matter was docketed as Appeal No. C050401. Assisted by new counsel for appeal purposes, petitioner filed an appellate brief in that matter, in which he raised the following claim as the sole assignment of error:

---

[1] It is noted that the sentencing court merged the three-year firearm specification attached to the aggravated robbery offense charged in Count 3 with the three-year firearm specification attached to the aggravated robbery offense charged in Count 1. (*See* Doc. 5, Ex. 4). Therefore, only three consecutive sentences were imposed for the firearm specifications attached to the four aggravated robbery counts.

2

THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE
MINIMUM SENTENCE

First Issue Presented for Review and Argument:

> The trial court erred in imposing more than a six month sentence on
> Appellant for a conviction for receiving stolen property, a felony of
> the fourth degree.

Second Issue Presented for Review and Argument:

> The trial court erred when running Appellant's sentence for
> receiving stolen property consecutive to sentences for aggravated
> robbery and the gun specifications.

(*Id.*, Ex. 6).

On May 3, 2006, the Ohio Court of Appeals issued a Judgment Entry sustaining

petitioner's assignment of error in light of the Ohio Supreme Court's decision during the

pendency of petitioner's appeal in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), which "declared

several of Ohio's sentencing statutes unconstitutional" under *Blakely v. Washington*, 542 U.S. 296

(2004), and *United States v. Booker,* 543 U.S. 220 (2005). (*See id.*, Ex. 8, p. 2). The state

appellate court found that "the sentence for the receiving-stolen-property conviction was based

upon unconstitutional statutes" as determined in *Foster*, vacated the sentence imposed for that

conviction, and "remand[ed] the matter for resentencing in that one respect." (*Id.*, p. 3).

However, the court also held: "[B]ecause Taher has not appealed the sentences on the

aggravated-robbery convictions and the firearm specifications, and because they do not involve

any unconstitutional enhancements under *Foster*, we affirm those sentences." (*Id.*).

**Motion To Withdraw Guilty Plea/Re-Sentencing Proceedings: Appeal No. C060523**

On March 29, 2006, while his direct appeal was pending before the Ohio Court of

3

Appeals, petitioner filed a *pro se* motion with the trial court entitled "Motion To Withdraw Guilty Plea/Motion For Modification Of Sentence Per Ohio Criminal Rule 32.1." (Doc. 5, Ex. 12). Petitioner claimed in the motion that his sentence was "void" under the Ohio Supreme Court's *Foster* decision, as well as the Supreme Court's decisions in *Blakely*, *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*See id.*). Petitioner further contended that the remedy adopted in *Foster* of severing the unconstitutional sentencing provisions and granting full discretion to the trial courts in determining a defendant's prison sentence within the statutory range could not be applied to him without violating the Constitution's Ex Post Facto and Double Jeopardy Clauses. (*See id.*). Therefore, it was petitioner's position that the court could only impose an aggregate six-year prison term consisting of "(3) year sentences for all four felony convictions a[nd] a single three-year firearm enhancement." (*Id.*).

Thereafter, on June 8, 2006, the trial court held a re-sentencing hearing in accordance with the Ohio Court of Appeals' May 3, 2006 remand order. At that hearing, where petitioner was represented by counsel, the court considered and denied petitioner's motion to withdraw his guilty plea and for modification of his sentence. (*See id.*, Ex. 28, June 8, 2006 Hearing Tr. 3-14). On the same date, the court issued a new Judgment Entry re-sentencing petitioner to the same terms of imprisonment with the inclusion of "post-release control advice." (*See id.*, Ex. 15 & Ex. 28, June 8, 2006 Hearing Tr. 14).

Assisted by new counsel for appeal purposes, petitioner timely appealed the re-sentencing decision to the Ohio Court of Appeals, First Appellate District. (Id., Ex. 16). The matter was docketed as Appeal No. C060523. In the appellate brief filed by counsel on behalf of petitioner,

4

petitioner asserted the following claim as the sole assignment of error: "The trial court erred by

sentencing Defendant to consecutive terms on three firearm specifications." (*Id.*, Ex. 17).

On April 4, 2007, the Ohio Court of Appeals issued a Judgment Entry overruling

petitioner's assignment of error as *res judicata* because petitioner "should have raised any

argument relating to the firearm specifications in the first appeal." (*Id.*, Ex. 19). In the entry, the

state appellate court also modified the trial court's judgment by vacating the sentences imposed

on June 8, 2006 for the aggravated robbery convictions and firearm specifications. (*See id.*). The

appellate court reasoned that the "only matter" for the trial court to determine on remand was

"resentencing on the receiving-stolen-property conviction" and that, therefore, the trial court

"should not have resentenced Taher on the aggravated-robbery convictions and the accompanying

firearm specifications." (*Id.*, p. 2). In vacating the sentences that were imposed for the

aggravated robberies and firearm specifications, the Ohio Court of Appeals stated that the trial

"court's May 10, 2005, judgment entry sets forth the sentences for those offenses." (*Id.*).

Respondent states that petitioner did not pursue an appeal to the Ohio Supreme Court from

the appellate court's decision in Appeal No. C060523. (*See* Doc. 5, p. 4).

### Delayed Appeal to Ohio Supreme Court

On November 13, 2007, over seven months after the Ohio Court of Appeals issued its

ruling in Appeal No. C060523 and over eighteen months after the Ohio Court of Appeals issued

its decision in the initial appeal (Appeal No. C050401), petitioner filed a *pro se* notice of appeal

and motion for leave to file a delayed appeal from the appellate court's May 3, 2006 decision in

Appeal No. C050401. (*See* Doc. 5, Exs. 9-10). Petitioner claimed in the motion that he was

"unable to file an appeal . . . within 45 days of the Court of Appeal decision" because he "was

5

totally unaware of [his] right[] to pursue [his] claims to the Ohio Supreme Court." (*Id.*, Ex. 10).

He also stated that if a delayed appeal were granted, he would raise a *Blakely* claim challenging

his "current sentence" on the ground that the trial court should have imposed "the minimum

sentence" with "all sentence[s] . . . to run concurrently with one another." (*Id.*).

On December 26, 2007, the Ohio Supreme Court denied petitioner's motion for delayed

appeal and dismissed the cause without opinion. (*Id.*, Ex. 11).

### Prior Federal Habeas Corpus Petition

Soon thereafter, on January 2, 2008, petitioner filed a *pro se* petition for a writ of habeas

corpus under 28 U.S.C. § 2254 with this Court. (Doc. 5, Ex. 20). In that action, entitled *Taher v.*

*Warden, Lebanon Corr. Inst.*, Case No. 1:08cv2 (S.D. Ohio), petitioner raised three claims

challenging his sentence and the effectiveness of his trial and appellate counsel based on their

alleged failure "to state allied offenses and similar imports" and "to properly object to Petitioner's

sentence being void as a matter of law, thereby failing to recognize, argue and brief a dead bang

winner." (*See id.*, pp. 6, 7, 9). In the petition, petitioner did not identify whether he was

challenging the performance of his appellate counsel in the initial appeal (Appeal No. C050401),

the re-sentencing appeal (Appeal No. C060523), or both appeals. However, he only mentioned

Appeal No. C050401 in the section of the petition setting forth the procedural history of the case

in the state courts. (*See id.*, p. 3).

In response to petitioner's allegations, the respondent filed a motion to dismiss the petition

on the ground that petitioner had not exhausted his ineffective assistance of appellate counsel

claims in the state courts. (*Id.*, Ex. 21). The magistrate judge issued a Report and

Recommendation recommending that the respondent's motion to dismiss be granted. (*Id.*, Ex.

6

22). On November 17, 2008, the District Court adopted the Report and Recommendation and

dismissed the petition "without prejudice to refiling after petitioner has exhausted the arguably

available remedies of a delayed application to reopen his appeal pursuant to Ohio R. App. P.

26(B), and/or motion for delayed appeal to the Ohio Supreme Court from the Ohio Court of

Appeals' April 4, 2007 Judgment Entry in Appeal No. C060523 affirming the trial court's

resentencing decision." (*Id.*, Ex. 23). It appears from the docket records maintained by the Clerk

of Court in Case No. 1:08cv2 that petitioner did not pursue an appeal from the District Court's

decision to the United States Court of Appeals for the Sixth Circuit.

## Delayed Application To Reopen Appeal No. C050401

Over three years later, on December 8, 2011, petitioner filed a *pro se* "Application For

Reopening" of his appeal in Appeal No. C050401 with the Ohio Court of Appeals, First Appellate

District. (Doc. 5, Ex. 24). In the application filed pursuant Ohio R. App. P. 26(B), petitioner did

not provide any explanation for his delay in filing, but claimed that he was denied effective

assistance by his appellate counsel, who should have asserted the following assignment of error in

the initial appeal:

> My sentence is contrary to Law, Facts and Allied Offenses and Gun specification
> requirements. Appeal Court should review all as to prevent miscarriage of justice.
> Term for Rec[ei]ving Stolen Property charge should be the minimum 6 months
> term and should be concurrent to the Robbery terms; Gun specification terms
> should be 1-year terms or one concurrent 3-year term, no circumstantial evidence
> to prove operability as defined by the Legislature.

(*See id.*).

On January 5, 2012, the Ohio Court of Appeals overruled the application on the ground

that "appellant has failed to provide sufficient reasons for failure to timely file his application to

7

reopen his appeal." (*Id.*, Ex. 26). Respondent states that petitioner "did not pursue an appeal of this decision to the Ohio Supreme Court." (*Id.*, p. 5).

**Present Federal Habeas Corpus Action**

The instant federal habeas action commenced on May 24, 2012. (*See* Doc. 1). However, it is presumed that the petition was filed on May 14, 2012, the date that petitioner claims he placed the petition in the prison mailing system for submission to this Court. (*See* Doc. 1, p. 16).[2] In the petition, petitioner alleges one ground for relief:

> **Ground One:** Sentence Contrar [sic] to Law. Counsel Was Ineffective.
>
> **Supporting Facts:** The sentence given is contrar [sic] to allied offense law and violates the minimum/maximum permitted by law. Counsel was ineffective by failing to argue against such sentence.

(*Id.*, p. 6).

In the motion to dismiss filed in response to the petition, respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 5, pp. 5-7). Respondent also alternatively argues that petitioner has waived his claims for relief due to his numerous procedural defaults in the state courts. (*Id.*, pp. 7-10). Petitioner has filed a brief in opposition to respondent's motion. (Doc. 8).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 5) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

---

[2] The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's claim for relief. Respondent contends that petitioner's ground for relief is governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run when petitioner's challenged sentence became final upon the conclusion of the state re-sentencing proceedings in May 2007. (Doc. 5, p. 6). *See also Linscott v. Rose,* 436 F.3d 587, 591 (6th Cir. 2006) (holding that § 2244(d)(1)(A)'s statute of limitations "begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final"). Respondent's argument has merit.

It is clear from the record that neither § 2244(d)(1)(C) nor § 2244(d)(1)(B) applies here.

Petitioner has not asserted a constitutional right that was newly recognized by the United States Supreme Court before the re-sentencing decision became final in May 2007. Moreover, no showing has been made that petitioner was prevented from filing a timely habeas petition by any state-created impediment to filing. Petitioner has generally suggested in his brief in opposition to respondent's motion to dismiss that he was prevented from filing a timely habeas petition because his appellate counsel "failed to assist . . . past the ruling of the Appeal entry," and he lacked the legal knowledge or experience to do so on his own. (*See* Doc. 8). Petitioner does not specify whether he is referring to his appellate counsel in the initial appeal or in the re-sentencing appeal. In the absence of any allegations or evidence in the record even remotely suggesting that petitioner's counsel in either of the appeal proceedings failed to perfect a timely appeal to the Ohio Supreme Court that was expressly requested by petitioner, petitioner's conclusory argument falls short of triggering concerns under § 2244(d)(1)(B). *See, e.g., Snead v. Warden, Madison Corr. Inst.,* No. 1:11cv127, 2011 WL 6817872, at *7 (S.D. Ohio Dec. 28, 2011) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted,* 2012 WL 3835105 (S.D. Ohio Sep. 4, 2012) (Spiegel, J.).

Finally, petitioner is unable to prevail on any claim that the limitations provision set forth in § 2244(d)(1)(D) applies here. Petitioner states in his habeas petition that he presented his claim for relief to the state courts both on appeal to the Ohio Court of Appeals and in his motion to withdraw his guilty plea and for modification of his sentence. (*See* Doc. 1, pp. 7, 8). Because petitioner was thus well aware of the factual predicate of his claim when appealing the trial court's final re-sentencing decision, § 2244(d)(1)(D) is inapplicable, and the one-year statute of limitations set forth in § 2244(d)(1)(A) governs petitioner's claim.

Here, as respondent has argued (Doc. 5, p. 6), petitioner's conviction and sentence became

final on May 21, 2007, when the 45-day period expired for filing a timely appeal to the Ohio

Supreme Court from the Ohio Court of Appeals' April 4, 2007 decision affirming the trial court's

re-sentencing decision with one modification.[3] *See* Ohio S.Ct.Prac.R. 6.01(A)(1). Petitioner's

later unsuccessful motion filed on November 13, 2007 for leave to file a delayed appeal to the

Ohio Supreme Court from the Ohio Court of Appeals' initial May 3, 2006 appeal decision did not

restart the running of the statute under § 2244(d)(1)(A), but rather could only arguably serve to

toll an unexpired limitations period under § 2244(d)(2).[4] *See, e.g., Sayles v. Warden, London*

*Corr. Inst.*, No. 1:11cv524, 2012 WL 3527226, at *5 n.1 (S.D. Ohio July 17, 2012) (Wehrman,

M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL

---

[3] It is noted that the 45-day period actually expired on May 19, 2007, which fell on a Saturday. Under Ohio S.Ct.Prac.R. 3.03(A)(1), "[i]f the last day of the period is a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, as respondent has recognized, the 45-day appeal period extended in this case through the next business day, which fell on Monday May 21, 2007.

[4] In addition, petitioner's unsuccessful application to reopen his initial appeal before the Ohio Court of Appeals, filed on December 8, 2011, did not restart the limitations period under § 2244(d)(1)(A). *See, e.g., Coulibaly v. Erwin*, No. 1:05cv784, 2007 WL 2852342, at *4 n.2 (S.D. Ohio Oct. 2, 2007) (Dlott, J.; Black, M.J.). *Cf. Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc) (holding that Ohio R. App. P. 26(B), which allows defendants to reopen their appeals on the basis of ineffective assistance of appellate counsel, is a state collateral or post-conviction review matter "rather than part of direct review"). Because the reopening application was denied on the ground that petitioner "failed to provide sufficient reasons for failure to timely file his application to reopen his appeal" (*see* Doc. 5, Ex. 26), the application also could not serve under § 2244(d)(2) to toll any unexpired limitations period. *See, e.g., Howard v. Warden, Lebanon Corr. Inst.*, No. 1:11cv4, 2011 WL 2940389, at *4 (S.D. Ohio June 27, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 2848211 (S.D. Ohio July 19, 2011) (Beckwith, J.); *see also Cleveland v. Bradshaw*, 760 F. Supp.2d 751, 768 (N.D. Ohio 2011), *rev'd on other grounds*, 693 F.3d 626 (6th Cir. 2012); *Willis v. Brunsman*, No. 2:11cv1056, 2012 WL 2564539, at *3 (S.D. Ohio July 2, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2012 WL 3962899 (S.D. Ohio Sept. 11, 2012) (Graham, J.); *Goens v. Warden, Lebanon Corr. Inst.*, No. 1:09cv650, 2010 WL 3399335, at *3 n.6 (S.D. Ohio Apr. 14, 2010) (Black, M.J.) (Report & Recommendation), *adopted*, 2010 WL 3399247 (S.D. Ohio Aug. 26, 2010) (Barrett, J.); *Bufford v. Warden, Lebanon Corr. Inst.*, No. 1:08cv887, 2009 WL 4114713, at *1, *4 (S.D. Ohio Nov. 23, 2009) (Dlott, J.; Black, M.J.); *Pianowski v. Warden, Ohio State Penitentiary*, No. 3:09cv185, 2009 WL 5947133, at *1 (S.D. Ohio Oct. 29, 2009) (Merz, M.J.) (Report & Recommendation), *adopted*, 2010 WL 749653 (S.D. Ohio Mar. 1, 2010) (Rice, J.).

3527140 (S.D. Ohio Aug. 15, 2012) (Dlott, J.); *cf. Little v. Warden, Warren Corr. Inst.*, No.

1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report &

Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555

U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of

the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed

appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316

(S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct.

641, 653-54 (2012) (distinguishing *Jimenez*, where the Court adopted "the out-of-time appeal's

date of finality over the initial appeal's date of finality," in holding that the petitioner's state

conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's

highest court expired"). Therefore, the statute commenced running on May 22, 2007, one day

after the trial court's re-sentencing decision became final, and expired one year later on May 22,

2008 absent application of statutory or equitable tolling principles.

 During the one-year limitations period commencing on May 22, 2007, petitioner was

entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed"

applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. §

2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,*

552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The

tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero);

it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting

*Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is

expired, state collateral review proceedings can no longer serve to avoid the statute of limitations

bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the statute of limitations ran for 175 days before petitioner next filed his unsuccessful motion for delayed appeal to the Ohio Supreme Court on November 13, 2007. (*See* Doc. 5, Ex. 9). An argument can be made that the motion was not "properly filed" within the meaning of § 2244(d)(2) because the Ohio Supreme Court's unexplained entry denying petitioner leave to file a delayed appeal was presumably based on petitioner's failure "to demonstrate adequate reasons for his failure to file a timely notice of appeal." *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam). The Sixth Circuit has indicated that such a ruling is a "procedural decision" by the state supreme court, which "would preclude tolling." *See Hall v. Warden, Lebanon Corr. Inst.,* No. 1:08cv75, 2009 WL 857979, at *3, *8 (S.D. Ohio Mar. 25, 2009) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (quoting *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), which in turn cited *Bonilla,* 370 F.3d at 497, as "distinguishing between the denial of a motion to file a delayed appeal in the Ohio Supreme Court, a state procedural decision that would preclude tolling, and the granting of the motion to file the appeal but subsequent dismissal on the jurisdictional merits of the case, a decision on the merits that would not preclude

13

tolling"), *aff'd on other grounds*, 662 F.3d 745 (6th Cir. 2011), *cert. denied*, 133 S.Ct. 187 (2012); *see also Brown v. Ohio,* No. 5:11cv162, 2011 WL 6012428, at *3 n.5 (N.D. Ohio Nov. 8, 2011) (noting that under *DiCenzi* and *Bonilla*, the "statute of limitations is not tolled by a motion for delayed appeal in the Ohio Supreme Court unless that court grants the motion"), *adopted*, 2011 WL 6019181 (N.D. Ohio Dec. 1, 2011). *Cf. Howard v. Warden, Lebanon Corr. Inst.*, No. 1:11cv4, 2011 WL 2940389, at *4 (S.D. Ohio June 27, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 2848211 (S.D. Ohio July 19, 2011) (Beckwith, J.) (involving denial of delayed reopening application).

Nevertheless, under Sixth Circuit precedents, which have not been overruled and which hold that delayed appeal motions serve to toll unexpired limitations periods, *see, e.g., Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011) (per curiam), the undersigned will assume in petitioner's favor that the one-year statute of limitations was tolled during the pendency of the delayed appeal motion before the Ohio Supreme Court. The limitations period was tolled from November 13, 2007 through December 26, 2007, when the Ohio Supreme Court issued its final ruling denying petitioner leave to file a delayed appeal. (*See* Doc. 5, Ex. 11). *See also Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007) (tolling under 28 U.S.C. § 2244(d)(2) does not include the ninety-day period in which a petitioner could have sought certiorari review in the United States Supreme Court). The statute commenced running again one day thereafter, on December 27, 2007, and expired 190 days later on or about July 4, 2008, absent any further tolling of the limitations period.

Petitioner next filed a federal habeas petition with this Court in January 2008. However, the limitations period was not tolled under § 2244(d)(2) during the pendency of that proceeding

14

because "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of [that provision]." *Duncan v. Walker,* 533 U.S. 167, 181 (2001). Moreover, petitioner's reopening application, belatedly filed in December 2011 and rejected by the state courts on timeliness grounds, did not serve to statutorily toll the limitations period, which had expired over three years earlier in July 2008. *See supra* p. 11 n.4; *see also Vroman,* 346 F.3d at 602. Accordingly, unless petitioner is entitled to equitable tolling of the statute of limitations, his petition is time-barred.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1

15

(6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. Even assuming that petitioner's prior federal habeas petition should be considered as equitably tolling the limitations period while it was pending before this Court, petitioner waited over three years after the petition was dismissed without prejudice on exhaustion grounds before he took any further action to challenge his conviction or sentence. Moreover, after petitioner finally filed a motion with the Ohio Court of Appeals in December 2011, requesting that his appeal be reopened, he did not pursue an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' January 2012 ruling denying the reopening application, and he waited over four more months before filing the instant federal habeas corpus action. (*See* Doc. 1; Doc. 5, Exs. 24, 26).

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking federal habeas relief in a timelier manner. In his memorandum in opposition to respondent's motion to dismiss, petitioner has only asserted that his trial and appellate counsel abandoned him and failed to assist him in an appeal to the Ohio Supreme Court, and that he lacked the ability and legal experience or knowledge to pursue a timely appeal to the Ohio Supreme Court on his own. (*See* Doc. 8). However, petitioner has provided no justification for his over three year delay in pursuing any relief after his prior *pro se* federal habeas application was denied without prejudice in November 2008 for failure to exhaust the arguably available state court remedies of a delayed reopening application and delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 4, 2007 decision in Appeal No. C060523. In any event, it is well-settled that neither lack of knowledge of the law nor the inability to obtain legal assistance

16

constitutes an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

In addition, although the mental incapacity of the petitioner can warrant the equitable tolling of the limitations period, it "is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (and cases cited therein). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetency affected [his] ability to file a timely habeas petition." *Id.* (and cases cited therein). Petitioner has made no such showing in this case. Petitioner's conclusory assertion regarding his alleged inability to pursue a timely appeal to the Ohio Supreme Court in 2007 is simply insufficient to demonstrate that petitioner was prevented by an extraordinary circumstance beyond his control to file a federal habeas petition by the statute-of-limitations deadline date in July 2008.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on May 22, 2007, one day after the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 4, 2007 decision in Appeal No. C060523 affirming the trial court's

17

re-sentencing decision with one modification. Assuming in petitioner's favor that the statute was tolled while petitioner's motion for leave to file a delayed appeal was pending before the Ohio Supreme Court from November 17, 2007 through December 26, 2007, the statute began to run again on December 27, 2007 and expired in July 2008. Neither statutory nor equitable tolling principles apply to further extend the limitations period or otherwise avoid the statute of limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 5) should be **GRANTED** on the ground that the instant habeas corpus petition, filed on May 14, 2012, nearly four after the statute of limitations had run its course, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the claim for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

_____

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484. However, as the respondent has alternatively argued and the magistrate judge noted in the Report and Recommendation filed in the prior habeas corpus action, it appears that petitioner faces another significant procedural hurdle to the extent that it appears he procedurally defaulted his claim for relief in the state courts. (*See* Doc. 5, pp. 7-10 & Ex. 22, p. 9 n.5). Moreover, as the magistrate further noted in the Report and Recommendation filed in the prior habeas corpus action, it appears that

18

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/6/2013

Karen L. Litkovitz
United States Magistrate Judge

---

petitioner has not stated a viable constitutional claim for relief. (*See id.,* Ex. 22 p. 9 n.6).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TAHER TAHER,                                    Case No. 1:12-cv-400
         Petitioner,

                                                Bertelsman, J.
    vs                                          Litkovitz, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
         Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

20

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Taher Taher #A496-537
Warren County Corr. Inst.
PO Box 120
State Route 63
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                            ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 5192

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540